IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                   Case Nos.:    1:12cr41/WTH/GRJ
                                                   1:15cv46/WTH/GRJ

RAYMOND ELIJAH WORTHAM,

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody." (ECF No. 56.) The Government has filed a response (ECF No. 61) and Petitioner has not filed a reply, despite having been afforded the opportunity to do so. (*See* ECF No. 60.)  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules 8(a) and (b) Governing Section 2255 Cases.

## BACKGROUND

Petitioner was charged in a single count indictment of enticement of an individual under the age of 18 years to engage in sexual activity in violation of 18 U.S.C. § 2422(b).   (ECF No. 1.)   The charges stemmed from Petitioner's contact with someone whom he believed to be a fourteen year old girl and his travel to meet the "girl," who was actually an Alachua County Detective, for the purpose of sexual contact.   Assistant Federal Public Defender Darren Johnson was appointed to represent him.   (ECF No. 10.) Defendant filed a written plea agreement and statement of facts on January 25, 2013, and the court held the change of plea hearing on February 4, 2013. (ECF Nos. 26, 27, 31-33.)

Defendant's Presentence Investigation Report ("PSR") assessed a base offense level of 28 and added a two level adjustment for Defendant's use of a computer in the offense conduct.   (ECF No. 37, PSR ¶¶ 22, 23.) Because Petitioner had a prior conviction for a sex offense, he was considered a "repeat and dangerous sex offender" subject to a Chapter Four enhancement.   (ECF No. 37, PSR ¶ 28).   The Chapter Four offense level of 37 was reduced by three levels for Petitioner's acceptance of responsibility

Case Nos.: 1:12cr41/WTH/GRJ; 1:15cv46/WTH/GRJ

and his total offense level was 34.    (ECF No. 37, PSR ¶¶ 28-30.) Petitioner had three criminal history points, but his criminal history category became V pursuant to § 4B1.5(a)(2) which provides for enhanced penalties for "repeat and dangerous sex offender against minors."   The applicable advisory guidelines range of 235 to 293 months fell within the statutory parameters for the offense.   (ECF No. 37, PSR ¶¶ 63, 64.)

At sentencing, Petitioner acknowledged that he had read the PSR and discussed the content thereof with counsel.   (ECF No. 52 at 3.)   Counsel assured the court that there were no factual matters therein with which the defense took exception as all clarifications had been incorporated into the report.   Petitioner's attorney argued that the sentence below the applicable guidelines range was appropriate under the circumstances.   He acknowledged Petitioner's prior qualifying conviction involving a sex offense against minors, and noted no intent "to undermine or even to go into that conviction."   (ECF No. 52 at 5.)   The court rejected without comment Petitioner's argument that a sentence of 180 to 188 months would be appropriate, and it sentenced Petitioner to a mid-guidelines range of 264 months. (ECF No. 52 at 12; ECF No. 40.)

Case Nos.: 1:12cr41/WTH/GRJ; 1:15cv46/WTH/GRJ

Petitioner appealed, arguing that the court failed to address or explain its rejection of his mitigation argument or the reasons for imposing the sentence. (ECF No. 54.)   The Eleventh Circuit rejected his claim of error. (ECF No. 54 at 4.)

Petitioner timely filed his motion for post-conviction relief, raising three claims. He asserts that his plea was not voluntary, knowing or intelligent due to counsel's misadvice about his possible sentence; that counsel was ineffective because he did not offer the facts surrounding Petitioner's underlying conviction to the court at sentencing; and that the district court improperly relied upon a prior conviction that did not qualify as a predicate offense to support the enhanced guideline range.   Although not required to do so, Petitioner did not submit a memorandum of law in support of his sparse allegations.   The Government opposes the motion in its entirety

## ANALYSIS

### *Timeliness*

The Government asserts that Petitioner's motion is untimely (ECF No. 61 at 2) because it was filed more than one year after his conviction became final.   28 U.S.C. § 2255(f)(1).   The Eleventh Circuit issued its

decision in Petitioner's case on December 11, 2013.    Petitioner represents in his motion that he did not file a petition for certiorari in the United States Supreme Court.    (ECF No. 56 at 2.)    Therefore, his conviction became final when the time for doing so expired, i.e. ninety days from the Eleventh Circuit's opinion, March 12, 2014.

To have been timely filed, his petition had to have been filed on or before March 12, 2015.    The § 2255 petition bears a date of March 9, 2015.    A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.    *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule");    *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed). Therefore, Petitioner's motion was timely filed under the prison mailbox

rule.

### *General Legal Standards*

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.    A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.    *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).    "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"    *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).    The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190,

1195 (11th Cir. 2011).    An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."    *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055).    Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."    *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).    To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."    *Lynn*, 365 F.3d at 1235.    A meritorious claim of ineffective assistance of counsel can constitute cause.    *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.    *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v.*

*Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).   In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013).   *Strickland*'s two part test also applies to guilty pleas.   *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).   A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.   *Id.* at 163 (quoting *Hill*, 474 U.S. at 59).   A defendant's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish" prejudice.   *Pericles v. United States*, 567 F. App'x 776, 782 (11th Cir. 2014) (quoting *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991)); *Rosin v. United States*, 786 F.3d 873 (11th Cir. 2015).

In applying *Strickland*, the court may dispose of an ineffective

assistance claim if a defendant fails to carry his burden on either of the two

prongs.   *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d

1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th

Cir. 2000) ("[T]he court need not address the performance prong if the

defendant cannot meet the prejudice prong, or vice versa.").

     To determine whether counsel's conduct was deficient, this court

must, with much deference, consider "whether counsel's assistance was

reasonable considering all the circumstances."   *Strickland*, 466 U.S. at

688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th

Cir. 2007).   Reviewing courts are to examine counsel's performance in a

highly deferential manner and "must indulge a strong presumption that

counsel's conduct fell within the wide range of reasonable professional

assistance."   *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009)

(quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*,

218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of

reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d

362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to

error-free representation").   Counsel's performance must be evaluated

with a high degree of deference and without the distorting effects of hindsight.    *Strickland*, 466 U.S. at 689.    To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."    *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.    "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness."    *Chandler*, 218 F.3d at 1314.    When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."    *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.    *Strickland*, 466 U.S. at 694.    "The likelihood of a different result must be substantial, not just conceivable."  *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).    For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the

outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010).   A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).   Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001).   A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34

(11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.    *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).    This is true regardless of whether the issue is a trial or sentencing issue.    *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel);    *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or

accurate statements by prosecutor about effect of potential sentence);

*United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective

assistance of counsel for failing to preserve or argue meritless issue).

Finally, the Eleventh Circuit has recognized that given the principles

and presumptions set forth above, "the cases in which habeas petitioners

can properly prevail . . . are few and far between."   *Chandler*, 218 F.3d at

1313.   This is because the test is not what the best lawyers would have

done or even what most good lawyers would have done, but rather whether

some reasonable lawyer could have acted in the circumstances as defense

counsel acted.   *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d

1177, 1180 (11th Cir. 2000).   "Even if counsel's decision appears to have

been unwise in retrospect, the decision will be held to have been ineffective

assistance only if it was 'so patently unreasonable that no competent

attorney would have chosen it.'"   *Dingle*, 480 F.3d at 1099 (quoting *Adams

v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).   The Sixth Circuit

has framed the question as not whether counsel was inadequate, but rather

whether counsel's performance was so manifestly ineffective that "defeat

was snatched from the hands of probable victory."   *United States v.*

*Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).    Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.    A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."    *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).    Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.    *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.    *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).    A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.    *See Winthrop–Redin v. United States*,

767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

## Petitioner's Claims

### *Ground One—Affirmative misadvice regarding plea*

Petitioner's first claim is that counsel affirmatively misinformed him about the starting point of his sentence and the effect of his prior conviction.   He claims that counsel told him that his sentence would be at least one third less than it was, and that but for counsel having given him this information, he would have proceeded to trial.[1]   Petitioner's claims are squarely refuted by the transcript of the plea colloquy.

A defendant's statements during a Rule 11 colloquy, as well as any

---

[1] As noted above, the court rejected defense counsel's argument that a sentence approximately one third less than the applicable guidelines range would be appropriate in this case.

Case Nos.: 1:12cr41/WTH/GRJ; 1:15cv46/WTH/GRJ

findings made by the judge accepting the pleas, constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977); *Winthrop-Redin v. United States*, 767 F.3d 1210 (11th Cir. 2014) (citing *Blackledge*).    This is because solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge*, 431 U.S. at 73–74; *Connolly v. United States*, 568 F. App'x 770, 771 (11th Cir. 2014) (citing *Blackledge*); *Garces v. U.S. Att'y Gen.*, 611 F.3d 1337, 1349 (11th Cir. 2010) (citing *Blackledge*).    They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations does not suffice. *Blackledge*, 431 U.S. at 73–74; *Winthrop-Redin*, 767 F.3d at 1216.    In fact, such allegations are subject to summary dismissal. *Winthrop-Redin*, 767 F.3d at 1216 (citing *Blackledge*, 431 U.S. at 74).    A defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988); *United States v. Green*, 275 F. App'x 941 (11th Cir. 2008); *United States v. Cardenas*, 230 F. App'x. 933 (11th Cir. 2007).    "[I]f the Rule 11 plea taking procedure is careful and

detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986) (quoting *United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975)).

During the plea colloquy in this case, the court explained the minimum and maximum sentences Petitioner faced, but noted that the court would not be able to determine his actual sentence until after the PSR was completed.   (ECF No. 51 at 12-13.)   Petitioner acknowledged that he had discussed with counsel how the Sentencing Guidelines might apply in his case, and affirmatively acknowledged that he understood that the court had the authority to impose a sentence either more or less severe than the actual guideline range.   (ECF No. 51 at 13.)   The written plea agreement-- portions of which were read aloud at sentencing--- specifically acknowledged that the sentence to be imposed was left to the discretion of the district court.   (ECF No. 51 at 17.)   The court asked Petitioner in multiple different ways whether any promises had been made, beyond what was in the plea agreement, which had induced him to plead guilty. Petitioner repeatedly responded that there were not.   (ECF No. 51 at 21.)

The written plea agreement also provided that "a sentence greater than anticipated shall not be grounds for withdrawal of the Defendant's plea." (ECF No. 26 at 4.)

In sum, Petitioner's conclusory allegation about a promise allegedly made by counsel that induced him to enter a guilty plea does not outweigh his sworn declarations to the court at the plea colloquy.   He is not entitled to relief.

### Ground Two:   Failure to Object at Sentencing

Petitioner next contends that counsel should have lodged a specific objection at sentencing regarding his prior conviction.   He claims that his prior conviction "involves facts different than those assumed from the prior conviction's text."   (ECF No. 56 at 5.)

The facts of the prior conviction were set forth in the PSR.   Petitioner was convicted of Attempted Sexual Battery, Victim less than 12 years of Age, in Duval County Florida, Case # 99-CF-4871.   (ECF No. 37, PSR ¶ 28.)   This case involved a plea to a lesser offense after Petitioner had reportedly had sexual contact with two minors under the age of 14.   (ECF No. 37, PSR ¶ 32).   The PSR also reflects two charged violations of

probation, one involving a six year old girl, that was dismissed, and an incident where Petitioner offered alcohol to a 15 year old and 17 year old girl and "propositioned them for sex after church services."   There were no objections to these facts at sentencing, and they are thus accepted as true. *See United States v. Patterson*, 595 F.3d 1324, 1326 (11th Cir. 2010) (defendant admits for sentencing purposes, the facts in the PSR to which he does not object); *United States v. Davis*, 587 F.3d 1300, 1303–04 (11th Cir. 2009) (<u>per</u> <u>curiam</u>).

Petitioner is correct that his prior conviction involved sexual contact with an actual minor, as opposed to the instant case involving a fictitious minor.   However he has not suggested what facts counsel could have presented that would have mitigated the "negative influence" the prior conviction had on the court.   His conclusory allegations do not entitle him to relief.   *Boyd*, 697 F.3d at 1333–34; *Garcia*, 456 F. App'x at 807.

### Ground Three:   Failure to challenge reliance on prior conviction

Petitioner claims that his underlying criminal conviction should not have been used as a predicate offense since the prohibited conduct is broader than the federal analog.   He faults both trial and appellate counsel

for failing to present this issue.    Petitioner is mistaken.

Petitioner's prior state law sex offense clearly qualifies for enhancement under § 4B1.5(a)(1)(B)(I).    Under this section, a defendant is subject to an increased offense level if (1) his offense of conviction is a covered sex crime, and (2) he committed the offense subsequent to sustaining at least one sex offense conviction.    Title 18 U.S.C. § 2422(b), the statute under which Petitioner was convicted, proscribes coercion and enticement of a minor to engage in prostitution or sexual activity for which any person could be charged with a criminal offense.    The commentary to § 4B1.5 identifies offenses contained within Chapter 117 of Title 18 as "covered sex crimes."    U.S.S.G. § 4B1.5, comment (n.2).    Petitioner's prior state conviction would be punishable pursuant to Chapter 109A of Title 18, and is thus a "prior sex offense" in accordance with the guidelines and federal law.    *See* 18 U.S.C. § 2423(b)(1)(B).

Neither trial nor appellate counsel can be constitutionally ineffective for failing to make a meritless objection.    *Denson*, 804 F. 3d at 1342; *Lattimore*, 345 F. App'x at 508; *Winfield,* 960 F. 2d 974.    The objection Petitioner now proposes is clearly meritless, and he is not entitled to relief.

## Conclusion

For all of the foregoing reasons, the Court concludes that Petitioner has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor has he shown that an evidentiary hearing is warranted.   Therefore Petitioner's motion should be denied in its entirety.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation

omitted).    Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.    The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 56) should be **DENIED**.

2.    A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 24th day of August, 2017.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**